IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATIE LAPP,** | : | No. 3:25-CV-1314 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **C.O. FORD, *et al.*,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Katie Lapp initiated the above-captioned *pro se* action under 42 U.S.C. § 1983,[1] alleging that two corrections officers at the Luzerne County Correctional Facility (LCCF) violated her federal rights. Upon required screening under 28 U.S.C. § 1915A(a), the court will dismiss Lapp's complaint for failure to state a claim upon which relief may be granted.

## I.  BACKGROUND

At all relevant times to the instant lawsuit, Lapp was incarcerated at LCCF. (Doc. 1 ¶¶ 7-13). She alleges that on June 18, 2024, C.O. Ford removed her religious head covering, in violation of her federal rights. (Id. ¶¶ 7-8). She additionally alleges that on July 5, 2024, C.O. Bonacci demanded that Lapp remove the pillowcase she was using as a makeshift head covering and then,

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

when Lapp did not comply, forcibly removed the pillowcase from Lapp's head. (Id. ¶¶ 11-12).

Notably, Lapp states that because "the irreparable damage to [her] First Amendment rights was already done," she "did not file any grievances[.]" (Id. ¶ 13). She further contends that she did not file a grievance because "those in concert with each other, by and large, always defend each other[.]" (Id.)

Lapp lodged the instant Section 1983 lawsuit in this court on July 18, 2025. (See generally Doc. 1). She asserts that Defendants violated the First Amendment and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc. (Id. ¶¶ 14-15). Her Section 1983 complaint is now properly before the court for preliminary screening as required by 28 U.S.C. § 1915A(a).

## II.   STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. See 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]" Id. § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they

utilize when resolving a motion to dismiss under Rule 12(b)(6).  See Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); O'Brien v. U.S. Fed. Gov't, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); cf. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996).  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.  See Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.  See Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal citations, quotation marks, and footnote omitted).  At step

one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (alterations in original)).  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.  Id. (quoting Iqbal, 556 U.S. at 679).  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." Id. (quoting Iqbal, 556 U.S. at 679).  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 681.

Because Lapp proceeds *pro se*, her pleadings are to be liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).  This is particularly true when the *pro se* litigant, like Lapp, is incarcerated.  See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

### III.  DISCUSSION

It is possible that Lapp has alleged a violation of federal law.  The court, however, need not consider that issue.  That is because it is plainly apparent

from the face of her complaint that Lapp has not exhausted administrative remedies, and therefore this court cannot consider her Section 1983 lawsuit.

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e *et seq.*, requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations. See id. § 1997e(a); Ross v. Blake, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted). Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system. Woodford v. Ngo, 548 U.S. 81, 85 (2006). Failure to properly exhaust generally results in the claim being procedurally defaulted and unreviewable. See Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated. Jones v. Bock, 549 U.S. 199, 218 (2007); see also Woodford, 548 U.S. at 90-91.

Generally, failure to exhaust administrative remedies is an affirmative defense, not a pleading requirement. See Jones, 549 U.S. at 216. Nevertheless, when it is apparent from the face of the complaint that a plaintiff has failed to administratively exhaust a claim, dismissal may be appropriate based on "failure to state a claim." See Ball v. Famiglio, 726 F.3d 448, 460 (3d Cir. 2013), abrogated in part on other grounds by Coleman v. Tollefson, 575 U.S.

5

532 (2015). This includes *sua sponte* dismissal for failure to state a claim. See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (citations omitted); Booth v. Churner, 206 F.3d 289, 290-91, 300 (3d Cir. 2000) (affirming district court's *sua sponte* dismissal where prisoner-plaintiff conceded in his complaint that he did not exhaust administrative remedies); Pena-Ruiz v. Solorzano, 281 F. App'x 110, 112 n.3 (3d Cir. 2008) (nonprecedential) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent power to dismiss *sua sponte* a complaint . . . which facially violates a bar to suit.").

Here, Lapp has plainly admitted that she did not even attempt to exhaust administrative remedies. (See Doc. 1 ¶ 13). Furthermore, there is no futility exception to Section 1997e's exhaustion mandate. Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). Thus, from the face of Lapp's complaint, it is clear that her Section 1983 claims are unexhausted. Consequently, her complaint must be dismissed under Section 1915A(b)(1) for failure to state a claim upon which relief may be granted. See Ray, 285 F.3d at 293 n.5; Ball, 726 F.3d at 460; Caiby v. Haidle, 785 F. App'x 64, 65 (3d Cir. 2019) (nonprecedential) ("Sua sponte dismissal for failure to exhaust may be warranted when a plaintiff expressly concedes that failure on the face of the complaint.").

The court does not opine as to whether Lapp may still be able to grieve the alleged events at LCCF, but it is presumed that she cannot. Thus, Lapp has likely procedurally defaulted those claims and they are unreviewable. See Spruill, 372 F.3d at 230. As the Third Circuit has explained, reading a procedural default component into the statutory exhaustion requirement serves the following policy objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Id. A procedural default rule serves all three goals by preventing "an end-run around the exhaustion requirement" and creating an "overwhelming incentive for a prisoner to pursue [her] claims to the fullest within the administrative grievance process." Id.

### IV.  CONCLUSION

Based on the foregoing, the court will dismiss Lapp's complaint pursuant to Section 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate Order follows.

**Date: 8/13/25**                              **BY THE COURT:**

*s/Julia K. Munley*
**JUDGE JULIA K. MUNLEY**
**United States District Court**